IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>**Plaintiff**<br><br>v.<br><br>CHRISTIAN MALDONADO-RIVERA<br>**Defendant** | **CRIMINAL NO.** 04-390(JAG) |

**MEMORANDUM AND ORDER**

GARCIA-GREGORY, D.J

On January 26, 2005, a jury returned a guilty verdict against Christian Maldonado-Rivera ("Maldonado" or "defendant") for a violation of 18 U.S.C. §922(g)(1)(felon in possession of a firearm).[1] On April 28th, 2005, Maldonado filed a motion requesting a new trial, supported by allegedly newly discovered evidence, to wit: documents and photographs supporting that there was a green van parked in an area of the Los Laureles Housing Project's ("Los Laureles") parking lot at the time of his arrest. Maldonado contends that this evidence disputes the exact location of Agent Nancy Méndez ("agent Méndez"), of the Puerto Rico Police, when she conducted the surveillance that led to Maldonado's arrest, and the truthfulness of that aspect of her testimony.

---

[1] The jury trial was from January 18th to the 26th, 2005.

Criminal No. 04-390(JAG)                                                              2

For the reasons set forth below, the Court **DENIES** the defendant's Motion for New Trial.

## FACTUAL BACKGROUND

Los Laureles is a well known drug trafficking area in Bayamón, Puerto Rico. On July 14, 2004, various Puerto Rico Police officers were assigned to conduct a surveillance in the referenced area, among them Agent Méndez. During trial, agent Méndez testified that she was located in the parking lot by the Los Laureles' basketball court. Specifically, agent Méndez testified that she parked in the second parking space (from left to right) in the lot near the basketball court.

Agent Méndez further testified that, from her position, she saw Maldonado arrive driving a yellow Nissan X-Terra, and that she could see he was carrying a gun when he got out of the vehicle. She also noted that the firearm was large, nickel plated, and that Maldonado carried it in a particular way. Furthermore, she could clearly see Maldonado's clothing and physical appearance and traits.

Agent Méndez then declared that she immediately reported her observations and called for additional Puerto Rico Police units, who arrived promptly afterwards and proceeded to arrest Maldonado. She also stated that upon noticing the units' arrival, Maldonado ran towards the X-Terra, dropped the firearm inside it, and then ran towards an apartment to avoid the police officers. Maldonado was

Criminal No. 04-390(JAG)                                                3

finally arrested by agent Luis Lebrón inside an apartment in Los Laureles.

Agent Méndez was extensively cross-examined by defense counsel as to the exact location of her surveillance.[2] Moreover, defense witnesses Ana Alicea-Aponte and Janifer Cortés rebutted agent Méndez's testimony on this subject by testifying during trial that there was a green van parked in the second space of the housing project's parking lot. Notwithstanding, the jury returned a guilty verdict against Maldonado.

The undisputed evidence in this case reveals that the Puerto Rico Police recovered from the X-Terra a loaded Llama.45 caliber large frame pistol, nickel plated, and bearing serial number B78805. It is also undisputed that Maldonado was arrested by the Puerto Rico Police, that an inventory of the X-Terra vehicle was done, and that Maldonado signed the inventory form of the vehicle as its driver and owner.

**STANDARD OF REVIEW**

1. Motion for New Trial

Rule 33 of the Federal Rules of Criminal Procedure provides that "upon the defendant's motion, the Court may vacate any judgment and grant a new trial if the interests of justice so requires." Fed.

---

[2] The defense counsel introduced a non-scaled chart of the Los Laureles' parking lot area, and repeatedly pressed agent Méndez to identify her exact location on the day of Maldonado's arrest.

Criminal No. 04-390(JAG)                                              4

R. Crim. P. 33(a). The defendant may bring his motion for a new trial grounded on newly discovered evidence within three (3) years after the verdict or finding of guilty. Fed. R. Crim. P. 33(b)(1). Any motion for a new trial grounded on any reason other than newly discovered evidence must be filed within seven (7) days after the verdict or finding of guilty, or within such further time as the Court sets during the seven-day period. Fed. R. Crim. P. 33(b)(2).

Under First Circuit standards, a motion for new trial on the basis of newly discovered evidence will ordinarily not be granted unless the moving party can demonstrate that: 1) the evidence was unknown or unavailable to the defendant at the time of trial; 2) failure to learn of the evidence was not due to lack of diligence by the defendant; 3) the evidence is material, and not merely cumulative or impeaching; and 4) it will probably result in an acquittal upon retrial of the defendant. United States v. Wright, 625 F. 2d 1017, 1019 (1st Cir. 1980). The defendant must meet all four prongs of the Wright test in order to succeed on a Rule 33 motion. United States v. Rodríguez-Marrero, 390 F.3d 1, 14 (1st Cir. 2004); United States v. Colón-Muñoz, 318 F. 3d 348, 360 (1st Cir. 2003). Therefore, a defendant's new trial motion must be denied if he or she fails to meet any one of these factors. Id. In determining whether or not the defendant has satisfied the four-factor test, the district court has broad power to weigh the

Criminal No. 04-390(JAG)                                          5

evidence and assess the credibility of both the witnesses and the new evidence. <u>Wright</u>, 625 F. 2d at 1019.

For newly discovered evidence to warrant a retrial in a criminal case, the existence of the required probability of reversal must be gauged by an objectively reasonable appraisal of the record as a whole, not on the basis of wishful thinking, rank conjecture, or unsupportable surmise. <u>United States v. Natanel</u>, 938 F. 2d 302, 313 (1st Cir. 1991). The petitioner must show, among other things, that the new evidence is material and is not merely cumulative or impeaching. <u>United States v. Benavente-Gómez</u>, 921 F. 2d 378, 382 (1st Cir. 1990). Since it does not bear directly on the defendant's guilt or innocence, impeachment evidence does not rise to the level of materiality that would be likely to cause a different result at a new trial. <u>Id.</u>, at 383; <u>Barrett v. United States</u>, 965 F. 2d 1184, 1195 (1st Cir. 1992).

## **DISCUSSION**

The Court must now determine whether defendant meets all of the <u>Wright</u> criteria, to wit: 1) the evidence was unknown or unavailable to the defendant at the time of trial; 2) failure to learn of the evidence was not due to lack of diligence by the defendant; 3) the evidence is material, and not merely cumulative or impeaching; and 4) it will probably result in an acquittal upon retrial of the defendant. The Court will consolidate its analysis of the first two prongs and then address, if necessary, the third and fourth prongs.

Criminal No. 04-390(JAG)                                                              6

      Maldonado's new evidence consists of: a) a photograph allegedly taken by Janifer Cortés in October of 2004, which shows a junk green van parked in the referenced second parking space; and b)various monthly reports and a photograph, supplied by the Los Laureles' Management, which indicate that there was a green van parked nearby the housing project's basketball court.  Both pieces of evidence are submitted to corroborate Ana Alicea-Aponte and Janifer Cortés' testimonies to the effect that there was a junk car parked in the second space of the housing project's lot. After carefully examining the record, the Court rules that this evidence was available to the defendant during trial and could have been obtained if he had been more diligent.

      It is evident from Maldonado's own Motion for New Trial that his "newly discovered evidence" predates his trial.  As to the monthly reports, Maldonado states that during trial, Ana Alicea Aponte's supervisor received a call from an agent asking her for documentation that might verify the location of the junk car Alicea-Aponte referred to in her testimony. Maldonado claims that after the supervisor checked her files she found the reports and a photograph showing the vehicle.  However, since she never received a follow up call from the agent, she only informed Alicea-Aponte.  Upon obtaining the information, Alicea-Aponte put the supervisor in contact with the defense counsel.

Criminal No. 04-390(JAG)                                                    7

Thus, it is uncontested that Alicea-Aponte's supervisor found the reports and photograph *during trial*. (Motion for New Trial, Docket No. 55 at ¶4). It is also uncontested that both Alicea-Aponte and Janifer Cortés testified in trial that there was a green van in the parking space in which agent Méndez declared she was parked when she saw Maldonado carrying a gun. The question then is, why if an agent bothered to verify a defense witness' testimony, the defendant did not do the same? Had the defendant called Alicea-Aponte's supervisor when the issue arose in trial (especially if it was so beneficial to him), he would have had obtained that evidence during trial. Therefore, the Court rules that the reports were available to the defendant at the time of trial.

Regarding Cortés' photograph, Maldonado himself argues that it was taken in October 2004, but because of reasons he does not elaborate upon, the film was not developed until after the trial. Maldonado therefore acknowledges that the photograph could have been available during trial. As a matter of fact, attachment number 1 to the Motion for New Trial (Docket No. 55) indicates that the picture was taken in August 2004, the month after the criminal activity observed by agent Méndez occurred.

Nevertheless, even assuming the pictures and the reports were unavailable during trial, the result would still be the same. The evidence in question only purports to rebut agent Méndez's testimony as to her exact position when she saw Maldonado holding a gun, and

Criminal No. 04-390(JAG)                                                         8

corroborates Alicea-Aponte and Cortés' testimonies during trial.  In other words, the defendant's new evidence is immaterial to the issue of his guilt or innocence, and therefore, only serves as cumulative impeachment evidence.  Regardless of whether agent Méndez saw the defendant from the first, second, or third parking space, the evidence in this case proves beyond reasonable doubt that she indeed could see the defendant from where she was parked.

### CONCLUSION

In light of the fact that the defendant fails to prove that his newly submitted evidence was unavailable during trial, and given that even assuming it was available, he fails to prove that it is material evidence that would probably lead to an acquittal upon retrial, the Court hereby **DENIES** the defendants Motion for New Trial (Docket No. 55).

IT IS SO ORDERED.

In San Juan, Puerto Rico, this 9th day August, 2005.

                                    **S/Jay A. Garcia-Gregory**
                                    JAY A. GARCIA-GREGORY
                                    United States District Judge